IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TING HAO YANG and YU CHEN HUANG, | ) ) ) | 4:06CV3290 |
| Plaintiffs, | ) ) | **MEMORANDUM** |
| vs. | ) ) | **AND ORDER** |
| EMILIO T. GONZALEZ, as Director of the U.S. Citizenship and Immigration Services, and ALBERTO R. GONZALEZ, as Attorney General of the United States, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The plaintiffs, Ting Hao Yang and Yu Chen Huang, husband and wife, have been waiting for over three years for the Nebraska Service Center of the United States Citizenship Immigration Services to complete the processing of their applications (Form I-485's) for permanent resident status.[1] They have been told that a "name check" request for Yang was sent to the Federal Bureau of Investigation in November 2003 and remains pending,[2] and that although the FBI's "name check" for Huang has been completed, she cannot obtain a green card before Yang does. Claiming that the delay is causing them emotional and economic injuries, the plaintiffs want this court to order "declaratory relief in the nature of mandamus" that will require the USCIS to take immediate action. The government, however, has unapologetically moved to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)

---

[1] Yang, a native of Taiwan, is in the United States as a H-1B non-immigrant worker. Huang, also a Taiwanese national, enjoys H-4 (derivative spouse) visa status.

[2] The plaintiffs were also informed by a United States Senator that Yang's "name check" request was not submitted to the FBI until March 2005.

and (6). Because I conclude that the government's position is correct as a matter of law, I must grant the motion to dismiss.

Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, authorizes the Attorney General (whose authority has since been transferred to the Secretary of Homeland Security and the USCIS, *see* 6 U.S.C. § 271(b)(5)) to adjust to permanent resident status certain aliens who have been admitted to the United States.[3] Adjustment of status is discretionary, however, and the statute does not set forth any time frame in which a determination must be made.[4] Significantly, Congress has expressly declared that "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion . . . ." 8 U.S.C.A. § 1252(a)(2)(B)(ii).

The plaintiffs argue that they are not seeking judicial review of a discretionary decision, but, rather, they are seeking to compel the USCIS just to make a decision. While this argument has been met with favor by a large number of federal district courts, I am of the firm opinion that the amount of time the USCIS takes to make a decision is also completely discretionary under section 245 of the INA. *See Zhang v. Chertoff*, 2007 WL 1753538, *3 (W.D.Va. June 19, 2007) ("A holding that USCIS

---

[3] "The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C.A. § 1255(a) (West 2007) (emphasis supplied).

[4] The implementing regulations also contain no time limit, merely providing that "the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i).

2

does not have discretion over the pace of application processing would lead to the illogical conclusion that USCIS must reach an unreviewable decision within a reviewable period of time."); *Sarvestani v. Chertoff*, 2007 WL 1774439, *3 (E.D.Mo. June 18, 2007) ("Since decisions regarding the evaluation of an alien's application for adjustment of status are within the Attorney General's discretion, section 1252(a)(2)(B) prohibits [courts] from entertaining . . . requests for relief in the nature of a writ of mandamus."); *Hu v. Chertoff*, 2007 WL 1515067, *4 (E.D.Cal. May 22, 2007) ("[S]o long as it appears that the pace at which plaintiffs' applications are being processed is the result of the exercise of some agency discretion, the statutory framework precludes judicial review of the reasonableness of that pace."); *Bugulu v. Gonzalez*, 2007 WL 1746373, *2 (W.D.Wis. May 1, 2007) (delay in processing an adjustment status application is a "discretionary action by the Attorney General" under the statute); *Dong Liu v. Chertoff*, 2007 WL 1300127, *5 (S.D.Cal. April 30, 2007) (stating that the majority of courts have dismissed similar actions for lack of subject matter jurisdiction); *Rogatch v. Chertoff*, 2007 WL 1160358, *2 (D.R.I. April 17, 2007) (section 1255(a) "confers broad discretion to grant or deny applications for adjustment of status" and the court is without jurisdiction to grant relief regarding delays in processing a Form I-485); *Safadi v. Howard*, 466 F.Supp.2d 696, 699 (E.D.Va. 2006) ("[A]s § 1255(a) does not impose any limits on USCIS's discretionary authority over the adjustment of status process, it is clear that 'action' in § 1252(a)(2)(B)(ii) encompasses the entire process of reviewing an adjustment application, including the completion of background and security checks and the pace at which the process proceeds."). *But see Haiming Tang v. Chertoff*, 2007 WL 1650938, *2 (N.D.Cal. June 5, 2007) ("The duty to process I-485 applications is not discretionary."); *Guoping Ma v. Gonzales*, 2007 WL 1655188, *3 (W.D.Wash. June 5, 2007) ("[N]othing in the INA addresses, much less specifies, any discretion associated with the pace of adjudication."); *Pool v. Gonzales*, 2007 WL 1613272, *2 (D.N.J. June 1, 2007) (stating that the majority of federal courts that have considered similar claims have found that subject matter jurisdiction exists, reasoning that even though the actual decision to grant or deny an application for adjustment is discretionary, the USCIS has a non-discretionary duty to act on applications within

a reasonable time); *Cho v. Jarina,* 2007 WL 1484053, *3 (E.D.La. May 18, 2007) "[T]he government has a 'ministerial nondiscretionary duty' to adjudicate plaintiff's adjustment of status application within a reasonable time, an enforceable duty under the APA and one for which the jurisdiction-stripping provisions of Section 1252 are inapplicable."); *Liu v. Chertoff*, 2007 WL 1202961, *3 (C.D.Ill. Apr. 23, 2007) (although the FBI and the USCIS have discretion in processing applications, the court has jurisdiction to review whether there is a refusal to act); *Song v. Klapakas*, 2007 WL 1101283, *4 (E.D.Pa. April 12, 2007) (because plaintiffs had neither been denied nor granted relief by the USCIS, judicial review of their applications for adjustment of status was not barred by § 1252(a)(2)(B)(ii)); *Elmalky v. Upchurch*, 2007 WL 944330, *5 (N.D.Tex. March 28, 2007) ("[N]otwithstanding § 1255(a), the USCIS has a *nondiscretionary* duty to issue some decision on an adjustment application within a reasonable time.") (emphasis in original).[5]

Because I conclude that section 1252(a)(2)(B)(ii) acts to divest this court of subject matter jurisdiction, I need not decide whether the plaintiffs' complaint states a claim upon which relief can be granted under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act, 5 U.S.C. § 706, the Declaratory Judgment Act, 28 U.S.C. § 2201, or under some other federal statute or constitutional provision.

IT IS ORDERED that the defendants' motion to dismiss (filing 11) is granted pursuant to Federal Rule of Civil Procedure 12(b)(1). Judgment shall be entered by separate document.

June 25, 2007.              BY THE COURT:

                            s/ *Richard G. Kopf*
                            United States District Judge

---

[5] I have listed only a sampling of cases on both sides of this jurisdictional issue. It should be apparent, however, that federal district courts are becoming inundated with suits filed by adjustment of status applicants who have grown tired of waiting.